MOORE, Judge,
concurring in part and concurring in the result in part.
I concur as to parts I.B. and II. of the main opinion. I concur in the result as to the other parts of the opinion.
The record shows that, during dependency proceedings in November 2010, Judge Alan Summers, Jr., granted the motion of J.B.B. and J.W.B. (“the parents”) to have J.B., T.B., and Z.B. (“the children”) interviewed by an independent expert by December 21, 2010, so that the parents would have a “fair opportunity to rebut” the statements the children had made regarding the father’s alleged sexual abuse, consistent with § 12 — 15—310(d), Ala.Code 1975. The parents and the Jefferson County Department of Human Resources (“DHR”), however, could not agree on the expert. After a hearing in May 2011, Judge Summers appointed Dr. Steven Bell to interview the children and ordered the parties to submit background reports by June 15, 2011, for Dr. Bell to review before the interviews. Instead of complying with that order, DHR, unbeknownst to the parents, filed petitions to terminate the parents’ parental rights on June 16, 2011. In the meantime, Dr. Bell refused the appointment and Judge Summers indicated that he would choose and appoint a psychologist to perform the interviews.
Before Judge Summers could select a psychologist, on September 18, 2011, DHR served the parents with the petitions to terminate their parental rights; the termination petitions were assigned to Judge Sandra Storm and were set for trial on November 22, 2011. On October 24, 2011, the attorney for the father, who had previously been appointed as counsel for the father as a result of his being indigent, moved to withdraw from the case, citing his inability to represent the father because of the failure of DHR and Judge Summers to provide the parents with an independent psychologist to examine the children. That motion was granted on October 25, 2011.
The father was subsequently appointed a new attorney. Neither the father’s new attorney nor the mother’s attorney filed any motions with Judge Storm to enforce Judge Summers’s earlier order to appoint an independent psychologist or requesting that Judge Storm appoint an independent psychologist. The attorneys for the parents also did not file a petition for a writ of mandamus with this court to require such an appointment before the trial of the peti *534 tions to terminate their parental rights. The attorneys also did not file a motion in limine to exclude the statements of the children, which would have alerted Judge Storm of the issue before the commencement of the trial. The attorneys for the parents first brought the issue to the attention of Judge Storm at the trial during the examination of Deegan Malone, a sexual-abuse expert who was testifying on behalf of DHR. At that point, Judge Storm overruled objections to the statements coming into evidence, reasoning that the parents had waived any objection to the testimony by failing to raise the issue before then.
I believe that the parents timely asserted their objections to the admission of the statements of the children. Objections must be “raised at the point during trial when the offering of improper evidence is clear.” See II Charles W. Gamble and Robert J. Goodwin, McElroy’s Alabama Evidence § 426.01(3) (6th ed.2009). In L.A.C. v. State Department of Human Resources, 890 So.2d 1026 (Ala.Civ.App.2003), this court held that the mother in that case had made a timely objection to hearsay statements of a child regarding alleged sexual abuse when the mother asserted her objection at the trial when an expert witness was asked to relay those statements. Section 12-15-310(d), AIa.Code 1975, does not provide that a parent must raise his or her objections to such hearsay statements before trial in order to preserve those objections for trial. Thus, I believe Judge Storm erred to the extent that she concluded that the parents had waived their objections by failing to raise them before the trial on the petitions to terminate their parental rights.
Nevertheless, Judge Storm correctly determined that the parents had known since at least November 2010 that DHR planned to use the children’s statements against the parents. Judge Storm also received information from the attorneys for the parents regarding the steps that the parents and Judge Summers had taken to secure an expert to rebut DHR’s expert’s opinions. Judge Storm determined that it would be unfair at that point to recess the trial for the purpose of allowing the parents to obtain an expert to interview the children. Judge Storm essentially ruled that the parents had been given an adequate opportunity to obtain an expert to rebut the statements of the children but had not availed themselves fully of that opportunity. Given the failure of the attorneys for the parents to file any motions or petitions with either the juvenile court or this court to compel the selection of an independent psychologist, despite two months’ notice that the trial was scheduled for November 2011, I reluctantly must agree with Judge Storm and find that the parents were given a fair opportunity to rebut the statements of the children so that their objections, although not waived, were due to be overruled.
I nevertheless point out that it was the intention of Judge Summers to provide the parents with an independent psychologist, which he considered necessary to comply with § 12-15-310(d). The parents never obtained an expert for a variety of reasons, none of which resulted from their own conduct, and most of which can be blamed on ineffective assistance of counsel. As a result, they did not receive the fair trial contemplated by Judge Summers. We cannot reverse the judgments on that ground, however, because the parents did not move the juvenile court to set aside its judgments due to ineffective assistance of counsel and that issue is not before us on this appeal.